5 So.3d 809 (2009)
In the Interest of A.M., a child.
M.M., Appellant,
v.
Department of Children and Family Services and Guardian ad Litem Program, Appellees.
No. 2D08-1719.
District Court of Appeal of Florida, Second District.
April 3, 2009.
Jackson S. Flyte, Regional Counsel, and Robert D. Rosen, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Second District, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Kelley R. Schaeffer, Assistant Attorney General, Tampa, for Appellee Department of Children and Family Services.
Jennifer S. Paulin, Orlando, for Appellee Guardian ad Litem Program.
THOMAS M. GALLEN, Associate Senior Judge.
M.M., the Father, seeks review of the trial court's order which placed A.M. in a permanent guardianship and terminated protective supervision over the child. The Father argues that the trial court erred in failing to make written findings explaining why reunification was not possible. The Department and the Guardian ad Litem concede error. We find these concessions to be proper because written findings are required by section 39.6221(2)(a), Florida Statutes (2008).
Ordinarily, we would simply reverse and remand for the court to make the necessary written findings in compliance with section 39.6221(2)(a). However, both the Department and the Guardian ad Litem also concede that, even if the court had complied with section 39.6221(2)(a), competent, substantial evidence did not support A.M.'s placement in a permanent guardianship. We find these concessions to be proper because the Department did not meet its burden of proving that reunification would endanger the child. See C.D. v. Dep't of Children & Families, 974 So.2d 495, 500 (Fla. 1st DCA 2008). Therefore, the order placing the child in a permanent guardianship is reversed. On remand, the *810 trial court should grant the Father's motion for reunification.
Reversed and remanded with directions.
VILLANTI and WALLACE, JJ., Concur.